IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC GERMAN,<br>     Petitioner,<br><br>v.<br><br>ERIC W. TICE,<br>     Respondent. | CIVIL ACTION<br><br><br><br>NO. 23-336 |

## O R D E R

**AND NOW**, this 20th day of June, 2024, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), the Commonwealth's Response (ECF No. 8), Petitioner's Reply (ECF No. 12), the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (ECF No. 13), and the Petitioner's Objections to the Report and Recommendation (ECF No. 16), **IT IS ORDERED** as follows:

1. It appears that the petitioner's Petition for Writ of Habeas Corpus is without merit, and after a de novo review of this matter, Magistrate Judge Wells' Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief. As such, the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (ECF No. 13) is **APPROVED** and **ADOPTED**.

2. Petitioner's Objections to the Report and Recommendation (ECF No. 16) are **OVERRULED**.[1]

3. The *pro se* Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**, without an evidentiary hearing.

4. Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claim. Consequently, a certificate of appealability is **DENIED**.

5. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

/s/ Hon. Kelley B. Hodge

_____
**HODGE, KELLEY B., J.**

---

[1] When objections are filed to a magistrate judge's report and recommendation, the district court is required to make a *de novo* determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1). Furthermore, district judges have wide latitude regarding how they treat the recommendations of the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 673-76 (1980). The Court may "accept, reject, or modify, in whole or in part" the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Petitioner raised one objection to Judge Wells' Report and Recommendation; an argument that he also raised in his Reply to the Commonwealth's Response. (*Compare* ECF No. 16, *with* ECF No. 12.) Petitioner asserts that the Pennsylvania Board of Probation and Parole ("Parole Board"), and the Commonwealth of Pennsylvania by extension, are violating the terms of his guilty plea agreement entered on January 13, 2009. (ECF No. 16 at 2.) Specifically, Petitioner alleges that "The Commonwealth has agreed to cap the Minimum sentence at ten (10) years. The Commonwealth has also agreed NOT to file a notice of mandatory sentence." (*Id.*) Therefore, Petitioner characterizes the following factors considered by the Parole Board as impermissible, irrelevant, and unconstitutional factors that breach his guilty plea agreement: (1) the risk and needs assessment, (2) reports and evaluations, (3) negative recommendation by the prosecuting attorney, and (4) the nature of the crime. (*Id.*)

Petitioner's Objections are somewhat unclear, but his arguments concerning the factors used to deny his parole fall within the framework of his due process claim. Evaluating the factors considered by the Parole Board and ensuring the Parole Board had a legitimate basis for its decision is part of the substantive due process analysis. *See Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (holding that a denial of parole does not shock the conscience when it is based upon a legitimate reason); *see also Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001) (holding that there is no substantive due process violation, if there is "some basis" for the Parole Board's adverse decision). Additionally, ensuring the Parole Board did not rely on impermissible, irrelevant, or unconstitutional factors, such as Petitioner's race, religion, or political beliefs, falls under the procedural due process analysis. *See Newman*, 617 F.3d at 784. As detailed in the Report and Recommendation, there was no violation of substantive or procedural due process in the Parole Board's decision. Thus, the Court agrees with Judge Wells' Report and Recommendation.

Additionally, Petitioner did not provide the Court with the plea agreement, making it impossible for any court to determine if it was violated. However, based on the documents Petitioner did

submit, the Court concludes that the Parole Board was not a party to the guilty plea agreement. (*See* ECF No. 12 at 5-11 (e.g., The Lehigh County Adult Probation & Parole Department that performed Petitioner's Presentence Investigation Report is a separate legal entity from the Pennsylvania Department of Corrections' Board of Probation and Parole that denied Petitioner's parole application).) Consequently, the Parole Board was not bound by the terms of the guilty plea agreement and therefore did not breach it. *See Reaves v. Wenerowicz*, No. CIV. 12-301, 2012 WL 6209893, at *3 (E.D. Pa. Dec. 13, 2012) (finding that because the Parole Board was not a party to the plea agreement, it could not breach the agreement); *Harper v. Thomas*, Civ. No. 07-647, 2007 WL 2713246, *5 n.8 (E.D. Pa. September 17, 2007) (Parole Board cannot be bound unless it was a party to the agreement); *Bryant v. Thomas*, Civ. No. 07-811, 2007 WL 1650532, *3 n.4 (E.D. Pa. May 8, 2007) (same). For these reasons, the Court overrules Petitioner's Objections.